UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD MYERS, individually and on behalf of a class of similarly situated individuals, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:13CV2192 CDP |
| LEDA J SANDER, et al., ) ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs Ronald and Frances Myers have sued various defendants for their roles in the sale, attempted refinancing, and eventual foreclosure of the plaintiffs' home. The plaintiffs now move to add another defendant, Stewart Title Guaranty Company. According to the plaintiffs' motion, Stewart Title issued a title insurance policy on the plaintiffs' home. A copy of this policy was recently disclosed to the plaintiffs by Investors Title Company, already defendant in this case. The plaintiffs believe they are entitled to collect under the policy and submitted a claim to Stewart Title, which was denied. Now they seek to add Stewart Title to this case. I find that the plaintiffs have failed to demonstrate the basic elements for joinder under either Rule 19 or Rule 20, Fed. R. Civ. P. and will therefore deny their motion to add a party.

There are also other motions pending in this case. As I explain below, those motions will remain under submission until defendant First Bank has an opportunity to file a motion associated with the memorandum it has already filed.

### *Stewart Title Is Not Necessary Under Rule 19*

Rule 19 requires that, if feasible, absent persons must be joined in an action if they are necessary to the complete adjudication of the claims at issue. *Gwartz v. Jefferson Memorial Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). If the court determines that an outside party is necessary to the case and that the party's joinder would not deprive the Court of its jurisdiction, it must "order that the person be made a party." Fed. R. Civ. P. 19(a)(2). If the person is not necessary, then the case must go forward without him and there is no need to make a Rule 19(b) inquiry. *Gwartz*, 23 F.3d at 1428. Under Rule 19(a)(1)(A), the only provision at issue, a person is necessary if "in the person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Here, although the plaintiffs state that "Stewart Title may be jointly and severally liable for Investors Title's acts and/or omissions," they do not explain why Stewart Title is a necessary party or why they could not institute a separate action against Stewart Title if they so choose. The plaintiffs' current claims in this case do not involve collecting the proceeds under their title insurance policy. I find

that complete relief could be accorded to those already party to the action. I will therefore deny plaintiffs' motion to join Stewart Title under Rule 19.

*No Common Question of Law or Fact Under Rule 20*

The plaintiffs move alternatively to join Stewart Title permissively under Rule 20. Under Rule 20, a party may join an additional party as a defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any questions of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). The Myers have failed to identify any question of law or fact common to all the defendants, so I will deny their motion to join Stewart Title permissively. I will also deny their request to file a Second Amended Complaint because they have not attached a copy of the proposed complaint, nor have they described the substance of their proposed amendment or explained how amendment would cure the defects I have described above. *See In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884–85 (8th Cir. 2009).

*First Bank Motion to Dismiss*

When the court entered its show cause order on November 26, 2013, it believed that both defendants Greg Fuesting and First Bank (who are represented

by the same counsel) had filed motions to dismiss. Further review shows that although Fuesting has filed a motion to dismiss [#12] and a memorandum in support [#13], First Bank has filed only a memorandum in support [#15] and in fact has not actually filed a motion to dismiss. If First Bank wishes to do so, it must file a motion to dismiss no later than **January 15, 2014**. It may incorporate by reference the memorandum in support it has already filed. If it does not do so, I will proceed with the other motions to dismiss and ignore the memorandum.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to add a party [#28] is denied.

**IT IS FURTHER ORDERED** that, if it wishes to do so, defendant First Bank must file any motion to dismiss no later than **January 15, 2014**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2014.