UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD MYERS, individually and on behalf of a class of similarly situated individuals, et al., ) ) ) ) Plaintiffs, ) ) vs. ) ) LEDA J SANDER, et al., ) ) Defendants. ) | Case No. 4:13 CV 2192 CDP |

# **MEMORANDUM AND ORDER**

This case, brought by plaintiffs Ronald and Frances Myers, grows out of the foreclosure of their home. Two months ago, upon consideration of motions to dismiss from three of the five defendants, I dismissed one defendant entirely and dismissed six of seven claims against the other two defendants. There are now four defendants remaining: First Bank, Investors Title Company, Middlewest Properties, and its employee Leda Sander.

Now pending before me are four motions. Middlewest and Sander, who did not join in the previous motions to dismiss, now seek to dismiss the claims against them under Rule 12(b)(6), Fed. R. Civ. P. First Bank has moved to strike portions of the plaintiffs' amended complaint. Investors Title has moved for summary judgment on the sole remaining claim against it. And finally, the plaintiffs seek partial summary judgment on their Count V, the Missouri Merchandising Practices Act

(MMPA). I will grant in part Middlewest and Sander's motion, which leaves only two claims in this case: an unjust enrichment claim against all four defendants and an MMPA claim against Middlewest and Sander. In light of the dismissal of all the federal claims, I will decline to exercise supplemental jurisdiction over the remaining state-law claims, especially because this case involves the interpretation of state statutes, questions about the preclusive effect of a state-court order before removal, and a previous state-court decision in the Myers' favor. As such, I will deny without prejudice the other pending motions and remand to state court.[1]

## I. Treating Defendants' Motion to Dismiss as a Rule 12(c) Motion

Middlewest and Sander have not strictly followed the Federal Rules of Civil Procedure. They filed an answer to the Myers' amended complaint on October 23, 2013, while the action was still in state court. Under Rule 12(b), a motion to dismiss asserting that plaintiffs have failed to state a claim "must be made before pleading if a responsive pleading is allowed." *See* Rule 7(a), Fed. R. Civ. P. (an answer is a pleading); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). By waiting more than three months to file their motion to dismiss after filing an answer, Middlewest and Sander disregarded this instruction.

---

[1] The case was removed from the Circuit Court for St. Louis County, Missouri, after plaintiffs filed an amended complaint adding federal claims.

However, a court may treat an untimely motion to dismiss to a motion for judgment on the pleadings under Rule 12(c). *See Westcott*, 901 F.2d at 1488. As the plaintiffs point out, a court is not *required* to do so. *See Thomas D. Wilson Consulting, Inc. v. Keeley & Sons, Inc.*, No. 4:05CV2115, 2006 WL 2788389, at *3 (E.D. Mo. Sept. 26, 2006) (denying post-answer motion to dismiss as untimely but also citing *Albachten v. Corbett*, 156 F. Supp. 863, 864 (S.D. Cal. 1957) ("A court would be warranted in denying a motion to dismiss when not interposed before the answer, but that is not to say the court in its discretion may not consider the motion")). Although I could deny the motion because it was filed too late, that would not serve the ends of justice or the needs of judicial economy. Middlewest and Sander have not waived the defense of failure to state a claim, *see* Rule 12(h)(2), Fed. R. Civ. P., so they would simply reraise the issue later. I have already ruled on substantively identical motions from the other defendants and found them largely meritorious, so denying this motion on procedural grounds would only delay the inevitable, at further cost to the court and the parties.[2] Since the distinction between motions made under Rule 12(b)(6) and Rule 12(c) is "purely formal," *see Westcott*,

---

[2] The Myers also object to the motion for a different procedural reason. They argue that the motion is a successive motion to dismiss barred by Rule 12(g)(2), Fed. R. Civ. P. By its own terms, Rule 12(g)(2) does not apply to motions for judgment on the pleadings. *See* Rule 12(h)(2)(B), Fed. R. Civ. P. Although the pleadings were not closed at the time Middlewest and Sander filed their motion to dismiss, they are closed now.

901 F.2d at 1488, I will exercise my discretion to treat the motion as one made in accordance with Rule 12(c).

## II. <u>**Standard for Rule 12(c) Motion for Judgment on the Pleadings**</u>

The legal standards governing Rule 12(c) motions for judgment on the pleadings are the same as for Rule 12(b)(6) motions to dismiss. *See id.*; *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). When considering either type of motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). To survive either motion, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). It is appropriate to grant judgment on the pleadings where "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch*, 304 F.3d at 803.

I set forth the applicable facts as alleged by the Myers in my Memorandum and Order dated February 3, 2014, and so I will not repeat them here.

## III. Claims Previously Addressed

Several of the claims at issue were squarely addressed in my Memorandum and Order dated February 3, 2014. For the reasons given in that opinion, which are equally applicable to Middlewest and Sander, I will grant judgment on the pleadings to Middlewest and Sander as to Count I (Criminal Recording of First Bank's Nonconsensual Common Law Lien), Count II (Malicious Trespass), Count III (Mail & Wire Fraud), Count IV (Violation of African-American Home Ownership Rights), and Count VII (Loss of Corsortium) as against Middlewest and Sander. Further, Middlewest and Sander do not argue that the plaintiffs have failed to state a claim in Count VI (Unjust Enrichment), so I will deny their motion as to Count VI. I will address the remaining claim below.

## IV. Count V (Unfair & Deceptive Business Practices)

In Count V, the Myers allege that Middlewest and Sander violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* To establish a claim under the MMPA, plaintiffs must allege that they (1) leased or purchased a product or service; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by Mo. Rev. Stat. § 407.020. Mo. Rev. Stat. § 407.025; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. banc 2007).

With respect to the fourth element, a plaintiff must allege that the defendant "used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with the purchase of the product or service at issue." *Scanio v. Zale Delaware Inc.*, 2012 WL 368741, at *2 (E.D. Mo. Feb 3, 2012); *see* Mo. Rev. Stat. § 407.020. Allegations of fraud or mistake under the MMPA must meet the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P. *See Khaliki v. Helzberg Diamond Shops, Inc.*, 2011 WL 1326660, at *2–3 (W.D. Mo. Apr. 6, 2011).

Rule 9(b) requires that the circumstances underlying a fraud claim be pled "with particularity." This rule is to be interpreted "in harmony with the principles of notice pleading, and to satisfy it, the complaint must allege such matters as the time, place, and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). Simply put, the complaint must plead the who, what, where, when, and how of the fraud. *Id.*

With regard to Middlewest and Sander, the Myers have alleged enough to support an MMPA claim. The first three elements are not in dispute: the Myers allege that they purchased a house from Middlewest and Sander, that the house was

6

for their use as a family residence, and that they have suffered an "ascertainable loss," among other things, in the form of their home, which was foreclosed upon.

As for the fourth element, the Myers have satisfied the heightened pleading standard requirements of Rule 9(b). They have alleged that Sander personally executed the First Bank deed of trust and that Middlewest and Sander intentionally concealed it so as to induce the Myers to purchase the subject property.[3] This constitutes a deception made in connection with the home sale. *See Scanio*, 2012 WL 368741, at *3 ("Including the time, place, contents, and amount, even without the names of the specific individuals responsible for the fraud, can be sufficient to satisfy the requirements of Rule 9(b)."); *Govreau v. Albers*, 2:10CV4135, 2010 WL 4817143 (W.D. Mo. Nov. 22, 2010) (where plaintiffs alleged enough facts to show approximately when and under what circumstances the defendants had intentionally misrepresented the condition of a used car to induce purchase, plaintiff stated a claim under the MMPA).

Middlewest and Sander argue, essentially, that Count V should be dismissed as against them because it was dismissed as against First Bank. But First Bank was not alleged to have had any contact with the Myers in connection with the sale of the house. Middlewest and Sander, on the other hand, were alleged to have executed the

---

[3] *See* Doc. 4, Am. Compl., ¶¶ 17, 33, 73, as well as *Middlewest Props., Inc. v. Myers*, No. ED94574 (Mo. Ct. App. Dec. 28, 2010) (attached to the complaint), pp. 4–5.

First Bank deed of trust in September 2007; then acted as seller and lender to the Myers and sold them the subject property in December 2007; known the First Bank line of credit (secured by the deed of trust) had neither been paid off nor recorded by the time the sale took place; known the deed of trust would impact the Myers' chain of title; known the Myers would need to refinance their loan quickly because of the impending balloon payment; and taken no action to remove the deed of trust even after the Myers had contacted them and so requested. Middlewest and Sander's actions were done "in connection with" the sales transaction because they occurred "at or prior to the initial sales transaction between the consumer and the seller" and continued after the sale. *State ex rel. Koster v. Portfolio Recovery Assocs., LLC*, 351 S.W.3d 661, 666 (Mo. Ct. App. 2011).[4] *Compare State ex rel. Koster v. Prof'l Debt Mgmt., LLC*, 351 S.W.3d 668, 674 (Mo. Ct. App. 2011) (finding no "relationship in

---

[4] Since *Portfolio Recovery* was decided by the Missouri Court of Appeals for the Eastern District, the Western District has called into question its interpretation of the phrase "in connection with" as it is employed in Section 407.020. *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 207–09 (Mo. Ct. App. 2013). In *Peel*, the Western District held that a financing company that never provided a title to a car buyer, and engaged in other misconduct after the fact, was liable under the MMPA though it had not been involved in the sale of the vehicle. The *Peel* court pointed out that the Supreme Court of Missouri has interpreted the phrase "in connection with" broadly and held that the MMPA covers even a third-party wholesaler who was a stranger to the transaction between consumer and seller. *See Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 668 (Mo. banc 2007).
     This court's role is to apply Missouri law as its highest court would do and to "follow decisions from the intermediate state courts when they are the best evidence of Missouri law." *Kingman v. Dillard's, Inc.*, 643 F.3d 607, 615 (8th Cir. 2011). No matter which appellate court's reasoning the Missouri Supreme Court adopts, it is likely it would find that Middlewest and Sander's alleged misconduct occurred "in connection with" the sale of the subject property.

fact" between sale of merchandise and debt collector's alleged unfair practices, which occurred long afterward, especially where debt collector was not party to initial sale).

Middlewest and Sander also argue that because Count V has been dismissed as against the other defendants, they cannot have "conspired" alone. This is beside the point. The Myers have not brought a claim of conspiracy, and conspiracy is not one of the elements of a claim under the MMPA.[5] Accordingly, Middlewest and Sander's motion will be denied as to Count V.

## V. Remand to State Court

Under 28 U.S.C. § 1367, a federal district court has – and generally must exercise – supplemental jurisdiction over state-law claims that form "part of the same case or controversy" as the federal-law claims that form the basis for the district court's jurisdiction. *See McLaurin v. Prater*, 30 F.3d 982, 984–85 (8th Cir. 1994). But a district court may decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In such a situation, the district court "maintains discretion to either remand the state law claims or keep them in federal

---

[5] In their motion, Middlewest and Sander allude to their additional argument that the Myers' claims in Counts V and VI constitute compulsory counterclaims to the previously decided *Middlewest* case and that this court is without jurisdiction to hear them. But in their memorandum in support of their motion, they appear to abandon this argument, stating that they "will be presenting additional legal authority" on this issue and will file a motion for rehearing. In light of my remand of this case, I will not address this argument.

9

court." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002); *see also Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) (this discretion is "very broad"). The Supreme Court has held that, when making this determination, a district court should consider "the values of judicial economy, convenience, fairness, and comity" and remand if "the balance of these factors indicates that a case properly belongs in state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

In this case, all of the federal-law claims have been dismissed or voluntarily withdrawn by the plaintiffs, and all that remains are two Missouri state law claims. Two Missouri state courts have already heard and reviewed a related case that involved the same transaction and many of the same parties. *See Middlewest Props., Inc. v. Myers*, No. ED94574 (Mo. Ct. App. Dec. 28, 2010). This action itself spent more than five months in state court before removal and was subject to a substantive order from the presiding judge, who denied the defendants' motions to dismiss on compulsory counterclaim grounds. Middlewest and Sander have informed this court that they plan to move for reconsideration of the judge's decision, while the Myers indicate they will argue that the order constitutes the "law of the case" and cannot be relitigated. Additionally, the plaintiffs argue that the *Middlewest* judgment estops the defendants from arguing certain aspects of nonliability. Moreover, the plaintiffs have

stated that they plan to file an amended complaint reformulating their MMPA claim against Investors Title, based on "Missouri judicial opinions and pertinent Missouri regulator statements" that apparently contradict my ruling that Investors Title is not subject to suit under the MMPA. Finally, although it appears from the parties' filings that some discovery has been exchanged, this case has no trial date scheduled and no formal scheduling order providing deadlines for further discovery or dispositive motions.

Based on the foregoing, it is clear that this action "properly belongs in state court." *Cohill*, 484 U.S. at 350. The case was in state court for approximately the same length of time it has been in federal court, so no judicial resources will be squandered by its return. The state court will be better equipped to rule on issues related to the interpretation of Missouri state statutes, as well as the preclusive effect of its prior rulings and the *Middlewest* appellate court decision. The parties will not be inconvenienced by returning to state court, which is mere miles from this court and closer to the subject property. Finally, there is no reason that the parties would not receive a fair hearing in state court. As such, I will remand this case to the Circuit Court of St. Louis County, from which it was removed. Because I have declined to exercise supplemental jurisdiction over the pendent state-law claims, I will deny without prejudice the other pending motions.

## VI. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that the motion to dismiss by defendants Middlewest Properties, Inc. and Leda Sander [#45] is construed as a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., and is granted in part. Counts I, II, III, IV, and VII, are dismissed as to Middlewest and Sander. The only remaining counts against them are Count V, Missouri Merchandising Practices Act, and Count VI, Unjust Enrichment.

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgment [#37], defendant First Bank's motion to strike [#49], and defendant Investors Title Company, Inc.'s motion for summary judgment [#62] are denied without prejudice.

**IT IS FINALLY ORDERED** that this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri, from which it was removed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2014.